UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: Emrol S. Nembhard,

Debtor.

Case No. 05-42339
Chapter 13
Hon. Marci B. McIvor

_____/

## OPINION DENYING TRUSTEE'S OBJECTION TO APPLICATION FOR ORDER APPROVING PRE-CONFIRMATION ATTORNEY FEES

This matter came before the Court on the Trustee's Objections to Debtor's Counsel's Application for Order Approving Pre-Confirmation Attorney Fees. Having specifically reviewed the fee application and the Trustee's objections thereto, the Court denies the objections and awards Counsel fees in the amount of $5,348.93 and costs in the amount of $346.07 for a total award of $5,695.00. Backing out the $900.00 retainer received by Counsel at the commencement of the case, Counsel is entitled to payment of $4,795.00.

### Facts

Debtor filed a Chapter 13 bankruptcy petition on January 26, 2005. A plan was confirmed on July 7, 2005. On July 20, 2005, Debtor's Counsel filed an Application for Order Approving Pre-Confirmation Attorney Fees seeking fees in the amount of $5,348.93 and costs of $346.07. The Trustee filed extensive specific objections to the fee application. The Trustee's objections include assertions that professional fees are sought for clerical services, time entries for clerical services are "lumped" with entries including professional fees, and time entries seek fees that are unreasonable or unnecessary for the services performed (e.g. too much time billed for travel).

## Analysis

A. Jurisdiction

This is a core proceeding under 28 U.S.C. § 28 U.S.C. 157(b)(2)(A), over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(a).

B. Standard for Awarding Fees

In the Sixth Circuit, the lodestar method is used for calculating fees. *In re Boddy*, 950 F.2d 334, 337 (6th Cir. 1991). The lodestar amount is calculated by multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended. *Id.* Bankruptcy Code § 330(a) codifies the criteria for evaluating fee requests. Section 330(a) states, in part:

> (1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103 --
>
> > (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any para-professional personal employed by any such person; and
> >
> > (B) reimbursement for actual, necessary expenses.
>
> (2) The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.
>
> (3) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant facts, including
>
> > (A) the time spent on such services;
> >
> > (B) the rates charged for such services;

2

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and

(E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

(4)(A) Except as provided in subparagraph (B), the court shall not allow compensation for --

(i) unnecessary duplication of services; or

(ii) services that were not --

(I) reasonably likely to benefit the debtor's estate; or

(II) necessary to the administration of the case.

\*      \*      \*

A bankruptcy court has broad discretion in determining fee awards. *Manf. Nat'l Bank v. Auto Specialities Mfg. Co. (In re Auto Specialities Mfg. Co.)*, 18 F.3d 358 (6th Cir. 1994).

C. <u>Debtor's Counsel's Fee Application</u>

Having specifically reviewed the file, the fee application and the objections to fee application, the Court finds that the overall fees requested in the Application (the hourly rate and the number of hours billed) are reasonable. Debtor's Counsel in this case performed extensive work to get the case confirmed and deserves to be paid for the services performed. Counsel is entitled to be paid for travel time as long as the time billed is not unreasonable in light of the total fees requested.

3

In this case, there is very little unsecured debt and payment of Counsel's fees in full will have no impact on payment to the unsecured creditors. Because the fees sought are reasonable for the services performed and the specific objections raised are without merit, the Court awards Counsel fee of $5,348.93 and costs of $346.07 for a total award of $ 5,695.00. Backing out the $900.00 retainer Counsel received at the commencement of the case, Counsel is entitled to payment of $4,795.00.

Marci B. McIvor
United States Bankruptcy Judge

Dated: SEP 16 2005
Detroit, Michigan

cc: Kevin Kevelighan
David Ruskin

4